IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN RE:                                )        Case No. BK 18-40654
                                      )             (Chapter 13)
BRENDA J. SHIPPS,                     )
                                      )
                                      )        MOTION FOR RELIEF FROM
                    Debtor            )        THE AUTOMATIC STAY
                                      )

**COMES NOW**, Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust as

Owner Trustee of the Residential Credit Opportunities Trust III ("Movant") hereby moves this

court, pursuant to 11 U.S.C. § 362, to relieve the Movant from the automatic stay from certain

real property of the Debtor, Brenda J. Shipps, having an address of 1321 N. Beal, Grand Island,

Nebraska 68801 ( the "Property"), for all purposes allowed by the Note (defined below), the

Deed of trust (defined below), and applicable law, including but not limited to the right to

foreclose. In further support of this Motion, Movant respectfully states:

1.     A petition under Chapter 13 of the United States Bankruptcy Code was filed with

       respect to the debtor on April 16, 2018.

2.     A Chapter 13 plan was filed on May 15, 2018.

3.     An amended Chapter 13 plan was filed on October 9, 2018.

4.     The Debtor has executed and delivered or is otherwise obligated with respect to

       the certain promissory note in the original principal amount of $61,710.10 (the

       "Note). Movant is an entity entitled to enforce the note. A copy of the note is attached

       hereto and incorporated herein as Exhibit "A."

5.     Pursuant to the certain Deed of trust (the "Deed of Trust"), all obligations

       (collectively the "Obligations") of the Debtor under and with respect to the Note and

       Deed of Trust, as recorded is attached hereto and incorporated herein as Exhibit "B."

Additionally, all rights and remedies under the Deed of trust have been assigned to the Movant pursuant to an assignment of deed of trust, a copy of which is also attached hereto and incorporated herein Exhibit "B."

6.      The Affidavit in Support of the Motion for Relief from the Automatic Stay is attached hereto and incorporated herein as Exhibit "C"

7.      In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged Property, the foreclosure will be conducted in the name of the Movant. Movant, directly or through agent, has Possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

8.      In addition to the other amounts due to the Movant reflected in this Motion, Movant has also incurred $550.00 in attorney's fees and $115.86 in accrued late charges. Movant reserves the rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

9.  The Hall County Property Appraiser website lists the property market value at $81,375 which is less than what is owed to the Movant. A copy of the Hall County Property Appraisal is attached hereto and incorporated herein as Exhibit "D."

10.      The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed by the Debtor as of 05/15/2018

| Number of Missed Post-Petition Payments | From | To | Monthly Amount | Total Amount Delinquent |
|---|---|---|---|---|
| 6 | 5/15/2018 | 10/15/2018 | $386.18 | $2,317.08 |

**Total Delinquent: $2,317.08**

**Concurrent November Payment: $386.18**

**Total Due Before December Payment:  $2,703.26**

11. As of November 8, 2018, the total arrearages are $2,982.94.

12. As of November 8, 2018, the total amount owed under the Note is approximately $92,075.60, itemized as follows:

| | Amount |
|---|---|
| Principal Balance | $60,363.48 |
| Deferred Unpaid Principal | $7,937.52 |
| Accrued Interest | $1,862.82 |
| Deferred Unpaid Interest | $19,024.56 |
| Unpaid Late Charges | $1,081.36 |
| Unpaid Charges | $1,805.86 |
| **Total** | **$92,075.60** |

13.    Cause exists for relief from automatic stay for the following reasons:

(a) Post-petition mortgage payments are not being made to adequately protect the Movants interest in the property.

(b) Pursuant to 11 U.S.C § 362(d)(2)(A), neither the Debtor have any equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

**WHEREFORE**, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.      Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited allowed Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property and any and all other collateral pledged under the Deed of Trust.

2.      That the Order be binding and effective despite any conversation of this bankruptcy case to a case under any other chapter of Title 11 United States Code.

3.      That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be Waived.

4.      For such other relief as the Court deems proper.

5.      Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.01 in the instant case.

/s/Damian Waldman
Damian G. Waldman, Esq,
Law Offices of Damian G. Waldman, P.A.
Florida Bar No. 0090502
P.O. Box 5162
Largo, FL 33779
Telephone: (844)-899-4162
Facsimile: (844)-882-4703
damian@dwaldmanlaw.com
bankruptcy@dwaldmanlaw.com
lynne@dwaldmanlaw.com
Attorneys for Secured Creditor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th Day of December 2018, I served a copy of the foregoing by regular U.S. Mail or the Court's CM/ECF system to the following parties listed on the below service list:

### SERVICE LIST

Brenda J. Shipps c/o
**Samuel J. Turco**
Sam Turco Law Offices
3006 South 87th Street
Omaha, NE 68124
Email: sam.turco@samturcolawoffices.com

*Trustee*
**Kathleen Laughlin**
Chapter 13 Trustee's Office
13930 Gold Circle
Suite 201
Omaha, NE 68144

*U.S. Trustee*
**Jerry Jensen**
Acting Assistant UST
U.S. Trustee's Office
111 So 18th Plz
Suite 1148
Omaha, NE 68102

/s/Damian Waldman
Damian G. Waldman, Esq,
Law Offices of Damian G. Waldman, P.A.
Florida Bar No. 0090502
P.O. Box 5162
Largo, FL 33779
Telephone: (844)-899-4162
Facsimile: (844)-882-4703
damian@dwaldmanlaw.com
bankruptcy@dwaldmanlaw.com
lynne@dwaldmanlaw.com
Attorneys for Secured Creditor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK 18-40654 |
| | ) | (Chapter 13) |
| BRENDA J. SHIPPS, | ) | |
| | ) | |
| | ) | MOTION FOR RELIEF FROM |
| Debtor | ) | THE AUTOMATIC STAY |
| | ) | |

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED HEREBY CERTIFIES** that a true and correct copy of the Transfer of Claim was mailed via U.S. Mail, postage prepaid, on this 11th Day of December 2018 to the following parties listed on the attached service list:

## SERVICE LIST

*Debtor*
Brenda J. Shipps c/o
**Samuel J. Turco**
Sam Turco Law Offices
3006 South 87th Street
Omaha, NE 68124
Email: sam.turco@samturcolawoffices.com

*Trustee*
**Kathleen Laughlin**
Chapter 13 Trustee's Office
13930 Gold Circle
Suite 201
Omaha, NE 68144

*U.S. Trustee*
**Jerry Jensen**
Acting Assistant UST
U.S. Trustee's Office
111 So 18th Plz
Suite 1148
Omaha, NE 68102

/s/Damian Waldman
Damian G. Waldman, Esq,
Law Offices of Damian G. Waldman, P.A.
Florida Bar No. 0090502
P.O. Box 5162
Largo, FL 33779
Telephone: (844)-899-4162
Facsimile: (844)-882-4703
damian@dwaldmanlaw.com
bankruptcy@dwaldmanlaw.com
lynne@dwaldmanlaw.com
Attorneys for Secured Creditor

# Exhibit "A"

# Disclosure Statement, Note and Security Agreement

| Borrower(s) (Name and mailing address) | Lender (Name, address, city and state) | Account No. |
|---|---|---|
| BRENDA JOYCE SHIPPS<br>1321 N BEAL<br>GRAND ISLAND NE 68801 | CITIFINANCIAL, INC. (MD)<br><br>2014 N LAWRENCE LANE<br>GRAND ISLAND NE 68803 | Date of Loan<br>01/30/2007 |

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower. | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf. | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled. |
|---|---|---|---|
| 11.75 % | $ 162,721.74 | $ 61,710.10 | $ 224,431.84 |

Payment Schedule:

| Number of Payments | Amount of Payments * | When Payments Are Due |
|---|---|---|
| 1 | $ 821.51 | 03/15/2007 |
| 359 | $ 622.87 | MONTHLY BEGINNING 04/15/2007 |
| | $ | |
| | $ | |

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**Security:** If checked, Borrower is giving a security interest in:

☐ Motor Vehicle ☐ Mobile Home
☒ Real Property ☐ Other:

**Late Charge:** If any installment remains unpaid for 10 or more days, Borrower will be charged a late charge not to exceed 5.0 % of the installment.

**Prepayment:** If Borrower pays off early, Borrower:
☐ will not ☒ may have to pay a penalty, and
will not be entitled to a refund of part of the finance charge.

* Does not include any insurance premium.
Additional Information:

| Total amount of first month's payment including insurance premiums, if any.<br>$ 873.34 | PRINCIPAL<br>$ 61,710.10 | POINTS/FEES<br>5 NONE | DATE CHARGES BEGIN<br>02/05/2007 |
|---|---|---|---|

**Required Insurance Disclosure:**
If Borrower grants Lender a security interest as indicated in this document, insurance to protect the Lender's interest in the collateral may be required. **If this loan is secured by real property, or mobile/manufactured home, then fire, extended coverage, collision and/or comprehensive casualty insurance is required** naming Lender as loss payee, until the loan is fully paid. The amount of such insurance must be sufficient to satisfy the unpaid balance of the loan, or be equal to the value of the collateral, whichever is less. Such insurance may be provided through an existing policy or a policy obtained independently and purchased by Borrower. Borrower may obtain such insurance from any insurer that is reasonably acceptable to Lender.

**Optional Insurance Disclosure:**
Borrower is not required to purchase optional insurance products, such as: **Credit Life, Credit Disability, Involuntary Unemployment Insurance or any other optional insurance products.** Lender's decision to grant credit will not be affected by Borrower's decision to purchase or decline to purchase optional insurance.

**Coverage will not be provided unless Borrower signs and agrees to pay the applicable monthly premium in addition to the monthly loan payment disclosed above.**

Borrower should refer to the terms contained in the applicable certificate or policy of insurance issued for the exact description of benefits, exclusions and premium rates.

**If Borrower purchases insurance, Borrower's monthly payment will include both the monthly loan payment disclosed above and the applicable monthly premiums.**

I/We request the following insurance:

| Premium Due with the First Month's Loan Payment | First Year's Premium * | Insurance Type: |
|---|---|---|
| $ 51.83 | $ 620.93 | SINGLE CREDIT LIFE |
| $ NONE | $ | |
| $ NONE | $ | |

*First Borrower's Signature* Brenda Joyce Shipps Date 1/30/07

Second Borrower's Signature _____ Date _____

(* First year's premiums are calculated on the assumption that monthly loan payments are timely made). Accrued but unpaid premium, if not paid earlier, will be due and payable at the time of the final payment on the loan. However, failure to pay premiums may result in termination of insurance as described below.

**Termination of Insurance:**
Borrower may cancel any of the optional insurance products offered at any time. The optional insurance will terminate upon the earliest of the following occurrences:

(1) the Lender's receipt of Borrower's written request for termination;
(2) on the date when the sum of past due premiums equal or exceed four times the first month premium;
(3) termination pursuant to the provisions of the insurance certificate;
(4) payment in full of Borrower's Loan;
(5) death of Borrower.

**TERMS:** In this Disclosure Statement, Note and Security Agreement, the word "Borrower" refers to the persons signing below as Borrower, whether one or more. If more than one Borrower signs, each will be responsible, individually and together, for all promises made and for repaying the loan in full. The word "Lender" refers to the Lender, whose name and address are shown above.

**PROMISE TO PAY:** In return for a loan that Borrower has received, Borrower promises to pay to the order of Lender the Principal amount shown above, plus interest on the unpaid Principal balance from the Date Charges Begin shown above at the rate of interest of 11.75 % per annum. Lender will compute interest on the unpaid Principal balance on a daily basis from the date charges begin until Borrower repays the loan. If Borrower does not make scheduled or timely payments according to the payment schedule above, Borrower will incur greater interest charges on the loan. On the N/A month anniversary of the Date of Loan shown above, the rate of interest applicable to the remaining unpaid principal balance shall decrease to N/A % per annum.

Any amount shown above as Points/Fees has been paid by Borrower. This amount is considered a prepaid charge which is in addition to the above rate of interest. Points/Fees are earned prior to any other interest on the loan balance and, in the event of prepayment of the loan, will not be refundable to Borrower.

Principal and interest shall be payable in the monthly installments shown above, except that any appropriate adjustments will be made to the first and final payments, beginning on the first payment date shown above and continuing on the same day in each following month until paid in full. Upon the final payment date or the acceleration thereof, the entire outstanding balance of Principal and interest evidenced by this Disclosure Statement, Note and Security Agreement shall be due and payable. Any payment(s) which Lender accepts after the final payment date or the acceleration thereof do not

Borrower's Initials: _BJS_ _____

NE 27277-18 8/2005          Original (Branch)    Copy (Customer)                    Page 1 of 3

BRENDA JOYCE SHIPPS                                                                    01/30/2007

constitute a renewal or extension of this loan under Lender so determines. Each payment shall be applied as follows: (1) monthly loan payments due (first to interest, then principal), (2) insurance premiums due, (3) unpaid interest to the date of payment, if any, then (4) principal. Lender may collect interest from and after maturity upon the unpaid Principal balance at either the maximum rate permitted by the then applicable law or the rate of interest prevailing under this Disclosure Statement, Note and Security Agreement.

SECURITY AGREEMENT:

☐ A. If this box is checked, this Note is unsecured.

☐ B. If this box is checked, to secure the payment and performance hereof, Borrower gives to Lender a security interest under the Uniform Commercial Code in any property for which a description is completed below and all parts and equipment now or later added to the property and any proceeds of the property, all of which will be called "Property". See below for additional terms applicable to this security interest.

   1. Motor vehicle/mobile home:

| Make, No. Cylinders | Year/Model | Model No. Or Name | Body Type | Identification Number |
|---------------------|------------|-------------------|-----------|-----------------------|
|                     |            |                   |           |                       |

   2. Other Property:

☒ C. If this box is checked, Borrower's loan is secured by a Deed of Trust or Mortgage of even date on real property which requires Lender's written consent to a sale or transfer of the encumbered real property located at 1321 N BEAL GRAND ISLAND NE 68801                        . See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in Borrower's real property ("Property").

OWNERSHIP OF PROPERTY: Borrower represents that the Property is owned by Borrower free and clear of all liens and encumbrances except those of which Borrower has informed Lender in writing. Prior to any default, Borrower may keep and use the Property at Borrower's own risk, subject to the provisions of the Uniform Commercial Code. If the Property includes a motor vehicle or a mobile home, Borrower will, upon request, deliver the certificate of title to the motor vehicle or a mobile home to Lender.

USE OF PROPERTY: Borrower will not sell, lease, encumber, or otherwise dispose of the Property without Lender's prior written consent. Borrower will keep the Property at Borrower's address (as shown on page 1) unless Lender has granted permission in writing for the Property to be located elsewhere. The Property will be used only in the state in which Borrower lives unless the Property is a motor vehicle, in which case it will be used outside the state only in the course of Borrower's normal use of the Property. Borrower will not use or permit the use of the Property for hire or for illegal purposes.

TAXES AND FEES: Borrower will pay all taxes, assessments, and other fees payable on the Property, this Disclosure Statement, Note and Security Agreement, or the loan. If Borrower fails to pay such amounts, Lender may pay such amounts for Borrower and the amounts paid by Lender will be added to the unpaid balance of the loan.

INSURANCE: If the Borrower purchases any insurance at Lender's office, Borrower understands and acknowledges that (1) the insurance company may be affiliated with Lender, (2) Lender's employee(s) may be an agent for the insurance company, (3) such employee(s) is not acting as the agent, broker or fiduciary for Borrower on this loan, but may be the agent of the insurance company, and (4) Lender or the insurance company may realize some benefit from the sale of that insurance. If Borrower fails to obtain or maintain any required insurance or fails to designate an agent through whom the insurance is to be obtained, Lender may purchase such required insurance for Borrower through an agent of Lender's choice, and the amounts paid by Lender will be added to the unpaid balance of the loan.

FINANCING STATEMENTS: Borrower will sign all financing statements, continuation statements, security interest filing statements, and similar documents with respect to the Property at Lender's request.

LATE CHARGE: If any installment is unpaid for 10 or more consecutive days, Sundays and holidays included, Borrower will be charged a late charge not to exceed 5.0 % of such installment.

CHECK CHARGE: Lender may charge a $ 15.00 fee if a check, negotiable order of withdrawal or share draft is returned for insufficient funds or insufficient credit.

DEFERMENT CHARGE: Lender may permit Borrower to defer one or more wholly unpaid installments one or more full months and charge Borrower the difference between the refund that would be required for prepayment in full as of the scheduled due date of the first deferred payment and the refund that would be required for prepayment in full as one month prior to said date, multiplied by the number of months in the deferment period.

PREPAYMENT: If the principal amount of this loan is less than $7500, Borrower may prepay this loan in whole or in part at any time without penalty.

☐ If this box is checked, the Borrower may prepay this loan in whole or in part at any time without penalty. However, upon partial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayment will not affect the amount or due date of subsequent scheduled payments on the loan, but may reduce the number of such payments.

☒ If this box is checked, if the Borrower prepays the outstanding Principal amount of this during the first two (2) years from the date of the loan, Lender may charge Borrower a prepayment penalty equal to the lesser of the following: (1) for prepayment within one year of the loan, 3%; and within two years, 2%; or (2) six (6) months interest on eighty percent (80%) of the original principal balance computed at the agreed rate of interest of the loan. Upon partial prepayment, interest will continue to accrue on any remaining Principal balance. Partial prepayment will not affect the amount or due date of subsequent payments on the loan, but may reduce the number of such payments.

The prepayment penalty may not exceed $ 2,900.37         .

LOAN CHARGES: If a law that applies to this loan and that sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from Borrower that exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this loan or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge.

DEFAULT: Borrower will be in default if:
   1. Borrower does not make any scheduled payment on time;
   2. Borrower is (or any other person puts Borrower) in bankruptcy, insolvency or receivership;
   3. Any of Borrower's creditors attempts by legal process to take and keep any property of Borrower, including the Property securing this loan;
   4. Borrower fails to fulfill any promise made under this agreement; or
   5. A default occurs under any Real Estate Mortgage or Deed of Trust which secures this loan or under any other mortgage or deed of trust on the real property.

Subject to Borrower's right to any notice of default, right to cure default, and any other applicable laws, if Borrower defaults, Lender may require Borrower to repay the entire unpaid Principal balance less a refund of unearned Finance Charges. Lender may exercise its option to accelerate during any default by Borrower regardless of any prior forebearance. If this debt is referred for collection to an attorney, not a salaried employee of Lender, Lender shall be entitled to collect all reasonable costs and expenses of collection, including, but not limited to, court costs and reasonable attorney's fees as permitted by law.

EFFECTS OF DEFAULT: Upon default by a Borrower with respect to a loan, unless the Borrower voluntarily surrenders possession of the collateral to the licensee, the licensee may take possession of the collateral without judicial process only if possession can be taken without entry into a dwelling or a locked, unoccupied motor vehicle, and without the use of force or other breach of the peace.

Borrower's Initials: _BJS_ ____

NE 27277-18  8/2005          Original (Branch)      Copy (Customer)                    Page 2 of 3

BRENDA JOYCE SHIPPS                                                                                                01/30/2007

The Property may be sold with notice at a private or public sale at a location chosen by Lender. At such public sale, Lender may purchase the Property. As permitted by Nebraska law, the proceeds of the sale, minus the expenses of taking, removing, holding, repairing, and selling the Property, including reasonable attorney's fees, and minus the cost of paying off and removing any superior liens or claims on the Property, will be credited to the unpaid balance of Borrower's loan. If the proceeds of sale are not sufficient to pay off the entire balance plus costs, Borrower agrees to pay the remaining amount upon demand. If Borrower has left other property in the repossessed Property, Lender may hold such property temporarily for Borrower without any responsibility or liability for the property.

Notice of the time and place of a public sale or notice of the time after which a private sale will occur is reasonable if mailed to the Borrower's address at least five (5) days before the sale. The notice may be mailed to Borrower's last address shown on Lender's records.

LAW THAT APPLIES: Nebraska Consumer Credit laws which apply to consumer loans and federal law, as applicable, govern this Disclosure Statement, Note and Security Agreement. If any part is unenforceable, this will not make any other part unenforceable. In no event will Borrower be required to pay interest or charges in excess of those permitted by law.

OTHER RIGHTS: Lender may accept payments after maturity or after a default without waiving its rights with respect to any subsequent default in payment. Borrower agrees that Lender may extend time for payment after maturity without notice. The terms of this agreement can be waived or changed only in a writing signed by Lender.

Where the context requires, singular words may be read in the plural and plural words in the singular, and references to the masculine gender may be read to apply to the feminine gender.

OTHER TERMS: Each Borrower under this Disclosure Statement, Note and Security Agreement, if more than one, agrees that Lender may obtain approval from one Borrower to change the repayment terms and release any Property securing the loan, or add parties to or release parties from this agreement, without notice to any other Borrower and without releasing any other Borrower from his responsibilities. Lender does not have to notify Borrower before instituting suit if the note is not paid, and Lender can sue any or all Borrowers upon default by any Borrower.

Borrower, endorsers, sureties and guarantors, to the extent permitted by law, severally waive their right to require Lender to demand payment of amounts due, to give notice of amounts that have not been paid, to receive notice of any extensions of time to pay which Lender allows to any Borrower and to require Lender to show particular diligence in bringing suit against anyone responsible for repayment of this loan, and additionally, waive benefit of homestead and exemption laws now in force or later enacted, including stay of execution and condemnation, on any Property securing this loan and waive the benefit of valuation and appraisement.

This Disclosure Statement, Note and Security Agreement shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them, their heirs, successors, legal representatives and assigns.

If any part of the Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and accompanying Itemization of Amount Financed is unenforceable, this will not make any other part unenforceable.

REFINANCING: The overall cost of refinancing an existing loan balance may be greater than the cost of keeping the existing loan and obtaining a second loan for any additional funds Borrower wishes to borrow.

AUTHORIZATION TO USE CREDIT REPORT: By signing below, Borrower authorizes Lender to obtain, review and use information contained in the Borrower's credit report in order to determine whether the Borrower may qualify for products and services offered by Lender. This authorization terminates when Borrower's outstanding balance due under this Disclosure Statement, Note and Security Agreement is paid in full. Borrower may cancel such authorization at any time by writing the following: Transaction Processing, 300 St. Paul Place, BSP13A, Baltimore, MD 21202. In order to process Borrower's request, Lender must be provided Borrower's full name, address, social security number and account number.

The following notice applies only if this box is checked. ☐

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**NOTICE TO CONSUMER**

**1. DO NOT SIGN THIS DOCUMENT BEFORE YOU READ IT. 2. YOU ARE ENTITLED TO A COPY OF THIS DOCUMENT AND WILL BE SUBJECT TO THE TERMS AND CONDITIONS CONTAINED HEREIN.**

By signing below, Borrower agrees to the terms contained herein, acknowledges receipt of a copy of this Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and of the accompanying Itemization of Amount Financed, and authorizes the disbursements stated therein.

WITNESSES:

SIGNED:

_BRENDA JOYCE SHIPPS_                     (Seal)
BRENDA JOYCE SHIPPS                        -Borrower

                                                       (Seal)
                                                       -Borrower

                                                       (Seal)
                                                       -Borrower

CITIFINANCIAL, INC.   (MD)

By: _____  01/30/2007  15:54:23
(Name and Title)

SECURITY INTEREST OF NONOBLIGOR: Borrower only is personally liable for payment of the loan. Nonobligor is liable and bound by all other terms, conditions, covenants, and agreements contained in this Disclosure Statement, Note and Security Agreement, including but not limited to the right and power of Lender to repossess and sell the Property securing this loan, in the event of default by Borrower in payment of this loan.

_Brenda J. Shipps Attorney_
_In Fact For Kelly Raye Shipps_ (Seal)  1/30/07          _____ (Seal)  _____
Signature                                          Date          Signature                           Date

CFN Loan #
Bayview Loan #

## ALLONGE TO NOTE

Original Loan Amount: $61,710.10
Note Date:          01/30/2007
Borrower(s):        BRENDA JOYCE SHIPPS
Address:            1321 N BEAL
                    GRAND ISLAND, NE 68801

### PAY TO THE ORDER OF

CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY

### WITHOUT RECOURSE

CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. D/B/A CITIFINANCIAL, INC. (MD), A
MARYLAND CORPORATION

By: _____          Dated: _____ APR 0 4 2017
Name: Daniel Thompson
Title: VICE PRESIDENT

### PAY TO THE ORDER OF

_____

_____

_____

_____

### WITHOUT RECOURSE

CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY

By: _____          Dated: _____ APR 0 4 2017
Name: Kristopher Sandberg
Title: VICE PRESIDENT

CF001 395292358 ALLONGE_CF001_B MAS22

*D0022599185*

This Rider Amends The Loan Agreement/Promissory Note Entered Into On Date Below

## Agreed Rate Reduction Rider

| Borrower(s) (Name and mailing address) | Lender (Name, address, city and state) | Account No. |
|---|---|---|
| BRENDA JOYCE SHIPPS<br>1321 N BEAL<br>GRAND ISLAND NE 68801 | CITIFINANCIAL, INC. (MD)<br><br>2014 N LAWRENCE LANE<br>GRAND ISLAND    NE  68803 | 206698 |
| | | Date of Loan<br>01/30/2007 |

Borrower has agreed to pay the rate of interest set forth in the Note (the "Note Rate") until the full amount of principal has been paid. However, if on any one of the second, third or fourth anniversaries of the scheduled due date of the first full installment payment due date under the Note (each, an "Anniversary Date") Borrower has demonstrated a Good Payment History, Lender agrees to decrease the Note Rate to____10.75___%. Borrower will be deemed to have demonstrated a "Good Payment History" if Borrower: (a) has made each of the most recent 24 consecutive monthly payments under the Note before the date the next payment was due; (b) has never been late by 91 days or more in making any monthly payments due under the Note; (c) neither Borrower nor Co-Borrower has filed petitions in bankruptcy during the term of the loan; and (d) no provision of the Note has been modified prior to the Anniversary Date. Modifications to the Note include deferment of a scheduled payment, legal action with respect to enforcement of the Note or the Mortgage, and an adjustment of the loan terms. If Borrower demonstrates a Good Payment History, the new Note Rate will take effect one month after the earliest Anniversary Date on which Borrower has demonstrated a Good Payment History ("Rate Reduction Date"). Beginning with Borrower's first monthly payment after the Rate Reduction Date, Borrower will pay the new amount as the monthly payment until the Maturity Date. Lender will decrease Borrower's Note Rate only one time during the term of the loan, provided Borrower demonstrates a Good Payment History on any one of the second, third, or fourth Anniversary Dates.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Agreed Rate Reduction Rider.

_Brenda Joyce Shipps_
Borrower

_1/30/07_
Date

Co-Borrower

Date

Entered As Instrument No
0200700795

REFUNDS:
CASH
CHECK

CASH
CHECK $5.50

STATE OF NEBRASKA )
COUNTY OF HALL ) SS

2007 JAN 31 PM 2 20

REG OF DEEDS

After recording return to:
CITIFINANCIAL, INC. (MD)

2014 N LAWRENCE LANE
GRAND ISLAND    NE    68803

# DEED OF TRUST

THIS DEED OF TRUST is made this   30th   day of   January   , 2007   among the Trustor,
KELLY RAYE SHIPPS AND BRENDA JOYCE SHIPPS HUSBAND AND WIFE

(herein "Borrower"),
Michael F. Kivett                                                             (herein
"Trustee"), and the Beneficiary, CITIFINANCIAL, INC.  (MD)                                    ,
a corporation organized and existing    under the laws of        Maryland                    , whose
address is   2014 N LAWRENCE LANE    GRAND ISLAND    NE    68803                       (herein
"Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and
conveys to Trustee, in trust, with power of sale, the following described property located in the County of
HALL , State of Nebraska:

THE FOLLOWING DESCRIBED REAL ESTATE:LOT FIVE (5) , GOODWIN SUBDIVISION
IN THE CITY OF GRAND ISLAND, HALL COUNTY, NEBRASKA.
BEING THE SAME PROPERTY CONVEYED BY FEE SIMPLE DEED FROM KELLY RAYE
SHIPPS AND BRENDA JOYCE SHIPPS HUSBAND AND WIFE TO BRENDA JOYCE SHIPPS
MARRIED, DATED 03/25/2004 RECORDED ON 05/01/2006 IN INSTRUMENT NO
0200603826, IN HALL COUNTY RECORDS, STATE OF NE.

which has the address of  1321 N BEAL                        ,   GRAND ISLAND
Nebraska 68801        (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights,
appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such
rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the
foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter
referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated  01/30/2007
and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $  61,710.10 , with interest thereon,
providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due
and payable on  02/15/2037 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to
protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein
contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and
convey the Property, and that the Property is unencumbered, except for encumbrances of record.  Borrower covenants that
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to
encumbrances of record.

# Exhibit "B"

BRENDA JOYCE SHIPPS                                                                    01/30/2007

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust, due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the fifth day before the sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address.

**23. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 23, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 23, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

(Intentionally Left Blank)

BRENDA JOYCE SHIPPS                                                01/30/2007

## REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, with a copy to P. O. Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

*Brenda J. Shipps Attorney In Fact For Kelly Raye Shipps*
-Borrower

*Brenda Joyce Shipps*
-Borrower

STATE OF NEBRASKA, Hall _____ County ss:

On this 20 day of January 2007, before me, the undersigned, a Notary Public duly commissioned and qualified for said county, personally came Brenda J. Shipps, Attorney in fact for Kelly Raye Shipps and Brenda Joyce Shipps Husband and wife to me known to be the identical person(s) whose name(s) are subscribed to the foregoing instrument and acknowledged the execution thereof to be their voluntary act and deed. WITNESS my hand and notarial seal at Citifinancial Inc (MD) in said county, the date aforesaid.

My Commission expires:

GENERAL NOTARY - State of Nebraska
ASHLEY WEIDNER
My Comm. Exp. May 8, 2007

Notary Public

### REQUEST FOR RECONVEYANCE

TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Date: _____

Nebraska 26876-4  1/98      **Original (Recorded)   Copy (Branch)   Copy (Customer)**      Page 5 of 5
(Space Below This Line Reserved For Lender and Recorder)



201603982

ENTERED AS INSTRUMENT NO
201603982
STATE OF NEBRASKA )
COUNTY OF HALL ) SS

2016 JUN 28 AM 08:54

REG OF DEEDS
ELECTRONICALLY RECORDED
RECORDING FEE $16.00

**When Recorded Return To:**
CitiFinancial Servicing, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

**Unique ID**
Official Unique Id

## ASSIGNMENT OF MORTGAGE / DEED OF TRUST

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. D/B/A CITIFINANCIAL, INC. (MD), A MARYLAND CORPORATION, WHOSE ADDRESS IS 300 ST. PAUL PLACE, LEGAL DEPARTMENT- 17TH FLOOR, BALTIMORE, MD 21202, (ASSIGNOR),** by these presents does convey, grant, assign, transfer and set over the described Mortgage/Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to **CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHOSE ADDRESS IS 300 ST. PAUL PLACE, LEGAL DEPARTMENT- 17TH FLOOR, BALTIMORE, MD 21202 (800)249-2181, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage/Deed of Trust in the amount of $61,710.10, bearing the date 01/30/2007, made and executed by **BRENDA JOYCE SHIPPS** to CITIFINANCIAL, INC. (MD) and recorded on 01/31/2007 in **Document # 200700795,** in the office of the Recorder of **HALL** County, **Nebraska**.

On the real estate described in said Mortgage/Deed of Trust to wit:
    SEE ATTACHED EXHIBIT A

**Dated this 27th day of June in the year 2016**
**CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. D/B/A CITIFINANCIAL, INC. (MD), A MARYLAND CORPORATION**



**SUSAN SCHOTSCH**
**VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA
COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on this 27th day of June in the year 2016, by Susan Schotsch as VICE PRESIDENT of CFNA RECEIVABLES (MD), INC. F/K/A CITIFINANCIAL, INC. D/B/A CITIFINANCIAL, INC. (MD), A MARYLAND CORPORATION, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.



**NICOLE BALDWIN**
**COMM EXPIRES: 08/05/2016**

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

**Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
CF001 395407678 -- DEFAULT   DOCR T2716061814   [C-2] EFRMNE1

*D0016767801*

201603982

EXHIBIT A

THE FOLLOWING DESCRIBED REAL ESTATE:LOT FIVE (5) , GOODWIN SUBDIVISION
IN THE CITY OF GRAND ISLAND, HALL COUNTY, NEBRASKA.
BEING THE SAME PROPERTY CONVEYED BY FEE SIMPLE DEED FROM KELLY RAYE
SHIPPS AND BRENDA JOYCE SHIPPS HUSBAND AND WIFE TO BRENDA JOYCE SHIPPS
MARRIED, DATED 03/25/2004 RECORDED ON 05/01/2006 IN INSTRUMENT NO
0200603826, IN HALL COUNTY RECORDS, STATE OF NE.







ENTERED AS INSTRUMENT NO
20170335 8

When Recorded Return To:
CitiFinancial Servicing, LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

NTC Order #
Bayview Loan #

10.00

## ASSIGNMENT OF MORTGAGE / DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHOSE ADDRESS IS C/O CITIMORTGAGE, INC., 1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368**, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage/Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to **BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHOSE ADDRESS IS 4425 PONCE DE LEON BLVD. 5TH FLOOR, CORAL GABLES, FL 33146 (800)771-0299, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage/Deed of Trust in the amount of $61,710.10, bearing the date 01/30/2007, made and executed by **KELLY RAYSE SHIPPS AND BRENDA JOYCE SHIPPS** to CITIFINANCIAL, INC. (MD) and recorded on 01/31/2007 in **Document # 200700795**, in the office of the Recorder of **HALL** County, **Nebraska.** .
On the real estate described in said Mortgage/Deed of Trust to wit:
   THE FOLLOWING DESCRIBED REAL ESTATE: LOT FIVE (5), GOODWIN SUBDIVISION IN THE CITY OF GRAND ISLAND, HALL COUNTY, NEBRASKA.

Dated on __5 / 11 /2017 (MM/DD/YYYY)__
**CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY**

By: 
   Tiffany Floyd
   **VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA
COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on __5 / 11 /2017 (MM/DD/YYYY)__, by Tiffany Floyd as VICE PRESIDENT of CITIFINANCIAL SERVICING LLC, A DELAWARE LIMITED LIABILITY COMPANY, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

Ewa Iwona Kirsanov
Notary Public - State of FLORIDA
Commission expires: 10/13/2020

EWA IWONA KIRSANOV
Notary Public - State of Florida
My Commission #GG 36658
Expires October 13, 2020

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

CF001 395321539 MAS22   DOCR T051705-06:10:42 [C-1] FRMNE1


*D0023050040*



201708527

ENTERED AS INSTRUMENT NO
201708527
STATE OF NEBRASKA )
COUNTY OF HALL ) SS

2017 DEC 15 AM 11:23

ELECTRONICALLY RECORDED
RECORDING FEE $10.00
REG OF DEEDS



## CORPORATE ASSIGNMENT OF DEED OF TRUST

Loan #:
NE/HALL

Assignment Prepared on: October 25; 2017

**Assignor: BAYVIEW LOAN SERVICING, LLC**, at 4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL, 33146

**Assignee: CB4a, LLC**, at 4425 Ponce DeLeon BLVD, 5th Floor, Coral Gables, FL, 33146

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Deed of Trust Dated: 1/30/2007, in the amount of $61,710.10, executed by KELLY RAYE SHIPPS AND BRENDA JOYCE SHIPPS HUSBAND AND WIFE to CITIFINANCIAL, INC. (MD) and Recorded: 1/31/2007, Instrument #: 0200700795 in HALL County, State of Nebraska.

Legal Description:
THE FOLLOWING DESCRIBED REAL ESTATE:LOT FIVE (5) , GOODWIN SUBDIVISION IN THE CITY OF GRAND ISLAND, HALL COUNTY, NEBRASKA.
BEING THE SAME PROPERTY CONVEYED BY FEE SIMPLE DEED FROM KELLY RAYE SHIPPS AND BRENDA JOYCE SHIPPS HUSBAND AND WIFE TO BRENDA JOYCE SHIPPS MARRIED, DATED 03/25/2004 RECORDED ON 05/01/2006 IN INSTRUMENT NO 0200603826, IN HALL COUNTY RECORDS, STATE OF NE.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

BAYVIEW LOAN SERVICING, LLC

On: NOV 0 7 2017

Signature:
Name:    ESLOAN SOTOLONGO
Title:    ASSISTANT VICE PRESIDENT

State of FLORIDA
County of MIAMI-DADE

NOV 0 7 2017, before me, Rogelio A. Portal, a Notary Public in and for MIAMI-DADE in the State of FLORIDA, personally appeared ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT, BAYVIEW LOAN SERVICING, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal,

Rogelio A. Portal
Notary Expires: 8/25/2020 / #: FF 993630

ROGELIO A. PORTAL
MY COMMISSION # FF 993630
EXPIRES: August 25, 2020
Bonded Thru Notary Public Underwriters

When Recorded Return To: RON MCMAHAN, AMIP MANAGEMENT, 3020 OLD RANCH PARKWAY, SUITE 180, SEAL BEACH, CA, 90740, (562) 735-6555
NE/HALL



2017008528

ENTERED AS INSTRUMENT NO
2017008528
STATE OF NEBRASKA) SS
COUNTY OF HALL )

2017 DEC 15  AM 11:23

REG OF DEEDS
ELECTRONICALLY RECORDED
RECORDING FEE $10.00

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Loan #:
NE/HALL

Assignment Prepared on: October 25, 2017

**Assignor: CB4a, LLC,** at 4425 Ponce DeLeon BLVD, 5th Floor, Coral Gables, FL, 33146

**Assignee: WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS OWNER
TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST III,** at 3020 OLD RANCH PARKWAY,
SUITE 180, SEAL BEACH, CA, 90740

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named
Assignee all interest under that certain Deed of Trust Dated: 1/30/2007, in the amount of $61,710.10, executed by
KELLY RAYE SHIPPS AND BRENDA JOYCE SHIPPS HUSBAND AND WIFE to CITIFINANCIAL, INC. (MD) and
Recorded: 1/31/2007, Instrument #: 0200700795 in HALL County, State of Nebraska.

Legal Description:
THE FOLLOWING DESCRIBED REAL ESTATE:LOT FIVE (5) , GOODWIN SUBDIVISION IN THE CITY OF GRAND
ISLAND, HALL COUNTY, NEBRASKA.
BEING THE SAME PROPERTY CONVEYED BY FEE SIMPLE DEED FROM KELLY RAYE SHIPPS AND
BRENDA JOYCE SHIPPS HUSBAND AND WIFE TO BRENDA JOYCE SHIPPS MARRIED, DATED 03/25/2004
RECORDED ON 05/01/2006 IN INSTRUMENT NO 0200603826, IN HALL COUNTY RECORDS, STATE OF NE.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms
and conditions of the above-described Deed of Trust.

CB4a, LLC

On NOV 0 7 2017

Signature

Name:   DAVID BRIGGS
Title:    FIRST VICE PRESIDENT

State of FLORIDA
County of MIAMI-DADE

On NOV 0 7 2017 before me, Rogelio A. Portal, a Notary Public in and for MIAMI-DADE in the State of FLORIDA,
personally appeared DAVID BRIGGS, FIRST VICE PRESIDENT, CB4a, LLC, personally known to me (or proved to
me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
Instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that
by his/her/their signature on the instrument the person, or the entity upon behalf of which the person acted, executed
the Instrument.

WITNESS my hand and official seal,

Rogelio A. Portal
Notary Expires: 8/25/2020 / #: FF 993630

ROGELIO A. PORTAL
MY COMMISSION # FF 993530
EXPIRES: August 25, 2020
Bonded Thru Notary Public Underwriters

**When Recorded Return To:** RON MCMAHAN, AMIP MANAGEMENT, 3020 OLD RANCH PARKWAY, SUITE 180,
SEAL BEACH, CA, 90740, (562) 735-6555
NE/HALL

# Exhibit "C"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN RE:                          )        Case No. BK 18-40654-TLS
                                )            (Chapter 13)
Brenda J Shipps,                )
                                )
                                )        MOTION FOR RELIEF FROM
                    Debtor      )        THE AUTOMATIC STAY
                                )

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I, Ron McMahan declare:

1. I am over the age of eighteen years of age and am presently employed and an authorized agent for Residential Credit Opportunities Trust III as its _____CEO_____ (title). I am making this affidavit regarding the loan described below (the "Loan"). I am making this Affidavit in connection with and in support of the Motion to which this Affidavit is attached.

2. In this position, my responsibilities include ascertaining and verifying amounts due and payable as to delinquent bankruptcy accounts.

3. The facts stated in this affidavit are based upon records maintained in the ordinary course of Residential Credit Opportunities Trust III's business, as part of regular conducted business activity, by or from information transmitted by person(s) with knowledge of the events described therein, at or near the time of the event described. These records are Residential Credit Opportunities Trust III's own records. I have personal knowledge of the procedures by which these records were prepared and kept.

4. According to Residential Credit Opportunities Trust III's books and records, the Loan is evidenced by a promissory note executed by Brenda Joyce Shipps dated January 30, 2007 in the principal amount of $61,710.00.

5.  The note is secured by a Deed of Trust (the "Deed of Trust") relating to the real property commonly known as 1321 N. Beal, Grand Island, Nebraska 68801.

6.  The Deed of Trust was assigned to Residential Credit Opportunities Trust III, which is now the owner and holder.

7.  True and correct copies of the Note, Deed of Trust, Allonges, and Assignments, are attached here as Exhibit "A".

8.  According to Residential Credit Opportunities Trust III's books and records, a default exists under the Loan for failure to make payments due and owing under the Note and Deed of Trust beginning with the payment due on May 15, 2018.

9.  As of November 8, 2018, the total arrearages are $2,982.94.

10. As of November 8, 2018, the total amount owed under the Note is approximately $92,075.60, itemized as follows:

|                            | Amount      |
|----------------------------|-------------|
| Principal Balance          | $60,363.48  |
| Deferred Unpaid Principal  | $7,937.52   |
| Accrued Interest           | $1,862.82   |
| Deferred Unpaid Interest   | $19,024.56  |
| Unpaid Late Charges        | $1,081.36   |
| Un[aid Charges             | $1,805.86   |
| **Total**                  | **$92,075.60** |

11. As of November 8, 2018, a total of $2,982.94 in post-petition mortgage arrears payments have come due from May 15, 2017 to October 15, 2018.

12. As of December 8, 2017, the Debtor has a total post-petition mortgage payment installment delinquency of $2,317.08

13. I declare under penalty of perjury that the foregoing facts are true and correct based on personal knowledge derived from Movant's books and business records, as I have detailed heretofore.

FUTHER AFFIANT SAYETH NOT.

Ron McMahan,
_____LEO_____ (Title) and
authorized agent on behalf of Residential
Credit Opportunities Trust III

**THE FOREGOING INSTRUMENT WAS SWORN TO AND SUBSCRIBED before me personally this** _____ day of _____ . 2018 by Ron McMahan, _____
(Title) and authorized agent on behalf of Residential Credit Opportunities Trust III, who is, **(CHECK ONLY ONE:)** __PERSONALLY KNOWN TO ME, **OR** PRODUCED _____(Type of ID Produced) **AS IDENTIFICATION TO ME IN TESTIMONY WHEREOF, I** have hereunto subscribed my name and affixed my seal of office the day and year last above written.

NOTARY PUBLIC

(Seal)

My Commission Expires:

See Attached

## CALIFORNIA JURAT CERTIFICATE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Orange

Subscribed and sworn to (or affirmed) before me on this 7 day of December 2018 , by Ron McMahan

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

WITNESS MY HAND AND OFFICIAL SEAL.

SHAWNEE LANE HERRING
COMM. #2235154
Notary Public - California
Orange County
My Comm. Expires Mar. 22, 2022

Shawnee Lane Herring

(Notary Seal)

### OPTIONAL INFORMATION

*The jurat contained within this document is in accordance with California law. Any affidavit subscribed and sworn to before a notary shall use the preceding wording or substantially similar wording pursuant to Civil Code sections 1189 and 8202. A jurat certificate cannot be affixed to a document sent by mail or otherwise delivered to a notary public, including electronic means, whereby the signer did not personally appear before the notary public, even if the signer is known by the notary public. The seal and signature cannot be affixed to a document without the correct notarial wording. As an additional option an affiant can produce an affidavit on the same document as the notarial certificate wording to eliminate the use of additional documentation.*

DESCRIPTION OF ATTACHED DOCUMENT

CAPACITY CLAIMED BY SIGNER

_____

(Title of document)

Number of Pages _____ (Including jurat)

Document Date _____

(Additional Information)

_____ Individual
_____ Corporate Officer
_____ Partner
_____ Attorney-In-Fact
_____ Trustee
_____ Other: _____

MMXIV H.WARDALE 925.786.8909    www.totallynotary.net

# Exhibit "D"

# Hall County Assessor

121 South Pine Street, Suite 1
Grand Island, NE 68801-6099
Phone: (308) 385-5050
Fax: (308) 385-5059
TDD: (800) 833-7352

Kristi Wold
Assessor



Amanda Kucera
Deputy Assessor

# Property Summary (Appraisal Details)

## Parcel Information

| | |
|---|---|
| **Parcel Number:** | 400136767 |
| **Map Number:** | 3315-00-0-12180-000-0005 |
| **Situs:** | 01321 IN BEAL |
| **Legal:** | GOODWIN SUB LT 5 |
| **Cadastral:** | 0001-0032-0006F |

## Ownership Information

| | |
|---|---|
| **Current Owner:** | SHIPPS/BRENDA JOYCE |
| **Address:** | 1321 N BEAL |
| **City, State:** | GRAND ISLAND NE |
| **Zipcode:** | 68801- |

## Current Valuation

| | |
|---|---|
| **Land Value:** | 7,115 |
| **Impr. Value:** | 74,260 |
| **Outbuildings:** | 0 |
| **Total Value:** | 81,375 |
| **Exemptions:** | 0 |
| **Taxable Value:** | 81,375 |

## Assessment Data

| | |
|---|---|
| **District:** | 5 |
| **School Base:** | GRAND ISLAND 2 |
| **Affiliated Code:** | |
| **Neighborhood:** | 360 |
| **Greenbelt Area:** | |
| **Greenbelt Loss:** | 0 |

## Property Classification

| | |
|---|---|
| **Status:** | Improved |
| **Use:** | Single Family |
| **Zoning:** | 01 |
| **Location:** | Urban |
| **City Size:** | 12,001-100,000 |
| **Lot Size:** | 01 |

## Sales History

| Date | Book & Page | # Parcels | Grantor | Grantee | Price |
|---|---|---|---|---|---|
| 03-25-2004 | 2006-3826 | 1 | SHIPPS/KELLY R & BRENDA J | SHIPPS/BRENDA JOYCE | |

## Building Permits

| Permit No. | Date | Description | Amount |
|---|---|---|---|
| | 1/1/2016 | PICTOMETRY UPDATE | |
| | 1/1/2015 | 5% MKT UPDATE | |
| | 1/1/2005 | RESIDENTIAL IMPROVEMENT UPDATE | |
| | 1/1/2004 | RESIDENTIAL LAND UPDATE | |
| | 1/1/2002 | 5.87% TAX EQUALIZATION & REVIEW COMMISSION INCREASE | |

## Historical Valuation Information

| Year | Billed Owner | Land | Impr. | Outbldg | Total | Exempt | Taxable | Taxes |
|---|---|---|---|---|---|---|---|---|
| 2017 | SHIPPS/BRENDA JOYCE | 7,115 | 70,724 | 0 | 77,839 | 0 | 77,839 | 1,684.86 |
| 2016 | SHIPPS/BRENDA JOYCE | 7,115 | 70,724 | 0 | 77,839 | 0 | 77,839 | 1,621.82 |
| 2015 | SHIPPS/BRENDA JOYCE | 7,115 | 69,114 | 0 | 76,229 | 0 | 76,229 | 1,612.76 |
| 2014 | SHIPPS/BRENDA JOYCE | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,601.28 |
| 2013 | SHIPPS/BRENDA JOYCE | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,557.52 |
| 2012 | SHIPPS/BRENDA JOYCE | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,571.98 |
| 2011 | SHIPPS/BRENDA JOYCE | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,544.14 |
| 2010 | SHIPPS/BRENDA JOYCE | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,491.18 |
| 2009 | SHIPPS/BRENDA JOYCE | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,477.22 |
| 2008 | SHIPPS/BRENDA JOYCE | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,456.48 |

11/16/2018                                    Hall County Treasurer Property Assessment

| Year | Billed Owner | Land | Impr. | Outbldg | Total | Exempt | Taxable | Taxes |
|------|--------------|------|-------|---------|-------|--------|---------|-------|
| 2007 | SHIPPS/BRENDA JOYCE | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,452.44 |
| 2006 | SHIPPS/BRENDA JOYCE | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,494.32 |
| 2005 | SHIPPS/KELLY R & BRENDA J | 7,115 | 65,824 | 0 | 72,939 | 0 | 72,939 | 1,489.48 |
| 2004 | SHIPPS/KELLY R & BRENDA J | 7,115 | 68,323 | 0 | 75,438 | 0 | 75,438 | 1,522.42 |
| 2003 | SHIPPS/KELLY R & BRENDA J | 4,896 | 68,323 | 0 | 73,219 | 0 | 73,219 | 1,607.00 |
| 2002 | SHIPPS/KELLY R & BRENDA J | 4,896 | 68,323 | 0 | 73,219 | 0 | 73,219 | 1,556.10 |
| 2001 | SHIPPS/KELLY R & BRENDA J | 4,625 | 64,535 | 0 | 69,160 | 0 | 69,160 | 1,442.86 |
| 2000 | SHIPPS/KELLY R & BRENDA J | 4,625 | 64,535 | 0 | 69,160 | 0 | 69,160 | 1,521.22 |
| 1999 | SHIPPS, KELLY R & BRENDA J | | 69,160 | | 69,160 | 0 | 69,160 | 1,501.28 |
| 1998 | SHIPPS, KELLY R & BRENDA J | | 69,160 | | 69,160 | 0 | 69,160 | 1,529.94 |
| 1997 | SHIPPS, KELLY R & BRENDA J | | 69,160 | | 69,160 | 0 | 69,160 | 1,615.48 |
| 1996 | SHIPPS, KELLY R & BRENDA J | | 69,160 | | 69,160 | 0 | 69,160 | 1,582.16 |
| 1995 | SHIPPS, KELLY R & BRENDA J | | 69,160 | | 69,160 | 0 | 69,160 | 1,533.36 |
| 1994 | SHIPPS, KELLY R & BRENDA J | | 45,480 | | 45,480 | 0 | 45,480 | 1,098.16 |

## Parcel Comments

| Number | Comment |
|--------|---------|
| | 9/93 $2000 1/94 $54500 |

### Photos/Sketches

Filedate: Nov 16 2018 1:06AM

**THOMSON REUTERS**